THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN BUTLER, JR., Defendant-Appellant.

First District (3rd Division)   No. 1—87—1724

Opinion filed February 7, 1990.

Randolph N. Stone, Public Defender, of Chicago (Michael Halloran, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Adrienne K. Lund, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

Defendant, John Butler, Jr., was charged with aggravated battery. The trial court entered a finding of not guilty by reason of insanity. Defendant was subsequently placed in the custody of the Illinois Department of Mental Health (Department) on an in-patient basis. Eventually, defendant was conditionally released from the custody of the Department. Defendant appeals from an order of the court extending the period of his conditional release. Defendant raises two issues on appeal: (1) whether the State's petition to extend the period of conditional release was void because it failed to comply with the statutory requirements; and (2) whether the hearing to extend conditional release failed to satisfy due process requirements.

In November 1980, the trial court found defendant not guilty by reason of insanity. In February of the following year it entered an order finding defendant to be in need of psychiatric hospital treatment and subject to involuntary admission and placing defendant in the Department's custody on an in-patient basis. The Department was ordered to provide psychiatric treatment for defendant and to report defendant's condition to the court every 30 days. The order specified that defendant's treatment was to be "structured with a view towards eventual out-patient treatment at the Isaac Ray Center or other appropriate facility within the shortest possible period considering the defendant's condition and progress as an in-patient." Six months later the court ordered an examination of defendant to determine his need for mental health services. Pursuant to that order, Dr. Gilbert Bogen of the Psychiatric Institute sent a letter to the trial court dated August 13, 1981, reporting the results of an examination of defendant and concluding that defendant's mental illness was in a state of remission. The doctor recommended that defendant be allowed home visits and that, if those visits were successful, defendant be discharged from the hospital and treated at the Isaac Ray Center (Center) on an out-patient basis. On that same date, the State petitioned the court to have defendant examined to determine his need for mental health services and to set a date for a hearing regarding his conditional release. The court entered an order directing the Department to allow defendant home visits at its discretion, and ordering defendant to return to court September 24 for a hearing regarding conditional release. On October 22, the court entered an order releasing defendant from the Department's custody, directing him to participate in an out-patient program administered by the Center, and directing the staff at the Center to report on defendant's progress every 90 days. Although the record does not indicate the circum-

stances leading to defendant's subsequent admission to the Elgin Mental Health Center, it does contain five letters to the court from the superintendent of that facility sent over a period of several months beginning in April 1984 and ending the following November. The letters reviewed defendant's progress and treatment plan.

On May 20, 1987, the trial court held a hearing to determine whether defendant's period of conditional release should be extended. At that hearing the State requested that defendant's period of conditional release be extended for another three years. Defense counsel stated that she was making a special appearance to contest the court's jurisdiction over the proceedings. The State replied that although defendant's period of conditional release had technically expired in October 1986, Barbara Wines of the Center sent a letter to the court dated September 10, 1986, asking the court to extend the period, but the record does not include a copy of this letter. A representative from the Center then addressed the court, commenting that defendant's treatment therapist was on vacation. The representative told the court that defendant had admitted stealing from his parents and abusing drugs. Further, the court was informed that defendant's living situation was tenuous in that he had been evicted from a halfway house and the Center did not know where he was living. The representative commented that defendant denied having any problems and that his drug abuse did not pose a problem even though he was employed as a school bus driver. When the representative stated that defendant "was driving a school bus and using cocaine," defendant immediately replied, "I'm not on cocaine." When defense counsel then asked to be heard, the trial court responded as follows:

"I will hear you, but I'm going to do something about it, Miss Horn [assistant public defender], he's got children's lives in his hands, let him kill himself if he wants to, but he's not going to kill any kids because he's a dopey."

The following exchange then occurred between defense counsel and the court:

"MS. HORN: First, judge, to date, number one, his conditional discharge did expire in October of 1986. To this very day I have not received a petition for extension of the time, a written petition for extension of time.

THE COURT: Give her a petition.

MS. HORN: That is required from Section 1005—2—4—A—1 today.

Secondly, Judge, it is my contention that that petition and the hearing on that petition must be completed before the ex-

piration of Mr. Butler's conditional discharge.

THE COURT: Too bad.

MS. HORN: Lastly, Judge, until I get a written petition I will be unable to prepare any defense that Mr. Butler may have.

THE COURT: He doesn't have no defense if he's on dope and running a bus.

MS. HORN: Until today I did not know what the allegations were.

THE COURT: Now you know.

MS. HORN: I want them in writing.

THE COURT: You'll get them."

The court then addressed defendant as follows:

"THE COURT: All right, you've got no choice, what you want to say, you're not on dope?

THE DEFENDANT: Well, they suspect it, you know, and I drive a school bus.

THE COURT: She [Isaac Ray Center Representative] says you admitted it.

THE DEFENDANT: No, I did not admit it."

The court then ordered that defendant's period of treatment be extended and that defendant report to the Center twice a week to be tested for the presence of narcotics in his system. The court informed defendant that if he was found to be taking narcotics, the court would have him discharged from his job and either readmitted to the hospital or jailed. The court then ordered the State to prepare a draft order and to give defense counsel a copy of the petition. The State responded that it would file the petition that very day.

Defendant argues that the trial court's order must be vacated because the State's petition was void in that it: (1) was filed after the expiration of his period of conditional release; (2) failed to comply with the requirements of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1987, ch. 91½, par. 1—100 *et seq.*); and (3) failed to satisfy due process notice requirements.

■ We first consider whether the order extending defendant's conditional release was invalid because the State filed its petition after the expiration of defendant's period of conditional release. Guided by the supreme court's holding in *People v. Cooper* (1989), 132 Ill. 2d 347, we find that the late filing of the State's petition did not render the trial court's order invalid. In *Cooper*, defendant was found to be a sexually dangerous person and was granted a conditional release pursuant to the Sexually Dangerous Persons Act (Act) (Ill. Rev. Stat.

1979, ch. 38, par. 105—1.01 *et seq.*). Defendant argued that the trial court lacked jurisdiction to revoke his conditional release because the court entered its order after the period of his conditional release had expired. The supreme court rejected that argument, holding that defendant remained subject to the jurisdiction of the trial court after the expiration of the order of conditional release because the order did not provide for a discharge, and that a sexually dangerous person who has been conditionally released retains that status until the trial court grants a petition for a discharge. In so holding the court reasoned that the legislative purpose of the Act was to treat those persons found to be sexually dangerous and to protect the public, and that those purposes would not be served if the court was allowed to prognosticate that a person will no longer be sexually dangerous if he completes a term of conditional release. (*People v. Cooper*, 132 Ill. 2d at 355.) Rather, the court must make a current finding that he is not sexually dangerous. (*People v. Cooper*, 132 Ill. 2d at 356.) In *Cooper*, the defendant analogized conditional releases to terms of probation which automatically terminate unless the State acts to toll them. The court rejected this analogy, finding a fundamental difference between probation and conditional release, which difference bars any application of probation's automatic discharge rule to conditional releases. (*People v. Cooper*, 132 Ill. 2d at 356-57.) The court explained that whereas probation is a sentence imposed for criminal convictions, conditional release is one aspect of treatment of sexually dangerous persons who are committed to the Department of Corrections instead of being prosecuted for a criminal offense. (*People v. Cooper*, 132 Ill. 2d at 357.) We find that the situation of a defendant who is found not guilty by reason of insanity and who is granted a conditional release is sufficiently similar to a defendant who is determined to be a sexually dangerous person. Like a sexually dangerous person who is committed to the Department of Corrections for treatment instead of being prosecuted, a defendant who is found not guilty by reason of insanity is also not prosecuted for the offense, but is committed to the custody of the Department of Mental Health to receive treatment for his mental illness. Just as a court cannot be allowed to prognosticate that a person will no longer be sexually dangerous if he completes a term of conditional release, a court cannot prognosticate that a person will no longer be mentally ill after completing a term of conditional release. Consequently, the trial court retained jurisdiction over defendant after the expiration of the order of conditional release, even though the State did not file its petition to extend the term of defendant's conditional release until the term had expired. Conse-

quently, the order extending the conditional release was not invalid on this ground.

■■ ■ Defendant also argues that the order extending the period of conditional release was invalid because the manner in which the hearing was conducted failed to satisfy due process requirements. Our review of the circumstances surrounding the extension of defendant's conditional release causes us to conclude that defendant's due process rights were violated. The procedural aspects of due process and equal protection of the laws require that a person be given notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the case. (*Nye v. Parkway Bank & Trust Co.* (1983), 114 Ill. App. 3d 272, 274, 448 N.E.2d 918.) First, there is no evidence in the record that defendant or his attorney received adequate notice of the hearing. The State argues that a letter written to the court by staff personnel at the Center and dated September 10, 1986, put defendant on notice that the Center was requesting an extension of his period of conditional release. The only evidence of such a letter was the State's reference to it at the hearing. There is no other evidence as to the content of the letter or to whom it was sent. Consequently, it is impossible to determine from the record whether the letter referred to by the State constituted sufficient notice. The State further argues that even if the letter was not sufficient notice, the petition filed by the State constituted ample notice. We disagree. The record indicates that the petition was written and filed after the hearing was conducted and after the trial court extended defendant's period of conditional release. Whether or not the actual contents of the petition were sufficient to duly notify defendant is irrelevant in this case in view of the fact that the petition was not filed until after the hearing.

We further find that even if defendant had been given adequate notice of the hearing, our review of the transcript of the proceedings causes us to conclude that he was not provided a sufficient opportunity to be heard. We first note that there was no sworn testimony. The person who wrote the letter referred to by the State addressed the court but she was never sworn. She stated that defendant was stealing drugs, that his living situation was tenuous and that defendant admitted using cocaine. Defendant replied that he never made such an admission and that he was not using cocaine. When defendant's attorney told the court that she had not received a copy of the petition, the court directed the State to "give her a petition." When she stated that the petition and the hearing thereon had to be conducted prior to the expiration of defendant's period of conditional re-

lease the court replied, "[t]oo bad." When she stated that she would be unable to prepare a defense until she had a copy of the petition, the court responded, "[h]e doesn't have no defense if he's on dope and running a bus." When defendant's attorney replied that she did not know what the allegations were until the time of the hearing the court responded, "[n]ow you know." After reviewing this record, we can only conclude that defendant's right to due process was violated in that he was not provided with adequate notice or with an opportunity to be heard and to defend in an orderly proceeding.

For the aforementioned reasons, we reverse the circuit court's order extending defendant's period of conditional release, and we remand the cause with directions that a new hearing on the matter be conducted.

Reversed and remanded.

CERDA, P.J., and FREEMAN, J., concur.